IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED HARRISBURG
APR 23 2013
PER _____
DEPUTY CLERK

NICOLE WHITE,
    Plaintiff

v.      : CASE NO. 4:13-CV-270

PENNSYLVANIA STATE UNIVERSITY,      : JUDGE MATTHEW W. BRANN
    Defendant      : JURY TRIAL DEMANDED

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c)(1)(G), Plaintiff Nicole White and Defendant Pennsylvania State University agree as follows:

WHEREAS, Plaintiff has filed suit against Defendant alleging a violation of the Family Medical Leave Act;

WHEREAS, the parties have made discovery requests and may in the future serve additional discovery requests;

WHEREAS, certain materials have been or may be requested by the parties in the course of discovery that constitute or contain personal, private, confidential, proprietary, or commercial information, as more fully discussed below;

3999642.1

WHEREAS, counsel for the parties are willing to enter into a Stipulated Protective Order regarding confidential discovery materials ("Stipulated Protective Order") as a condition to the disclosure of such confidential information and/or the inspection and copying of documents containing confidential information;

WHEREAS, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents while allowing the opportunity for reasonable discovery; and

WHEREAS, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of its Order, whenever that may be;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:

1. Any and all information, documents, or materials produced, including, without limitation, answers to interrogatories, responses to other discovery requests, and deposition transcripts (or applicable portions thereof), which have been marked, stamped, or otherwise identified by either party as "Confidential" shall be subject to the following restrictions of the Stipulated Protective Order. Such Confidential materials may include, but are not limited to, the following:

a. All personnel records and contact information for current or former employees of the Defendant, including Plaintiff White;

b. All medical records reflecting protected health information ("PHI"), as that term is defined by the Health Insurance Portability and Accountability Act ("HIPAA") of 1996 and the applicable regulations;

c. All documents relating to trade secrets or other confidential commercial information of or about the Defendant.

2. Plaintiff and Defendant agree and acknowledge that if any protected health information ("PHI") is disclosed pursuant to this Stipulated Protective Order, they are prohibited from using said PHI for any purpose other than this litigation and that they will take all steps necessary to preserve the confidentiality of said PHI will it is in their possession and control. They further agree and acknowledge that they will return all PHI (including the originals, all hardcopies, and all electronic versions and forms) or will destroy all PHI (including the originals, all hardcopies, and all electronic versions and forms) upon the conclusion of this litigation, whether by settlement or final determination of this litigation. The parties agree that, if they choose to destroy the PHI, they will

provide counsel for the disclosing party written certification that they have done so, including the date and method of destruction. The provisions of this paragraph do not apply to PHI disclosed and/or produced in the course of Plaintiff's previous workers compensation case.

3. When a party desires to identify information as "Confidential" and subject to this Protective Order, it must do so by placing a "Confidential" label on an applicable document, or otherwise explicitly refer to the document or information (including electronic information) as "Confidential" and subject to this Protective Order.

4. Before designating information as Confidential, a party's counsel must review the information and certify that the Confidential designation is based on the counsel's good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

5. Except as otherwise provided, access to any Confidential materials shall be limited solely to the following persons:

    (a) Counsel for the parties and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

(b) Plaintiff, Defendant, and any officers, directors, agents, or employees of a party who have a need for such disclosure in order to conduct this litigation;

(c) any expert or consultant retained for the conduct of this litigation;

(d) any prospective or actual deponent or trial witness, other than those described in (b) and (c); and

(e) the Court and authorized Court personnel.

Before disclosing Confidential materials to any person in categories (c) and (d) above, each such person shall state under oath in a written document in the form of Exhibit A (attached) that he or she is fully familiar with and agrees to comply with the terms of this Stipulated Protective Order and further agrees to submit to the jurisdiction of this Court. Counsel shall maintain a file of the originals of each signed Exhibit A. Upon request, counsel will provide opposing counsel with a copy of any or all such executed documents.

6. Confidential materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in Paragraph 5 above, nor shall such Confidential materials or their contents be publicized in any manner.

7. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed

information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose is designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

8. The inadvertent production of any confidential, private, or proprietary information, document, or material without designation as Confidential shall not constitute a waiver of the rights of a party subsequently to designate such materials as Confidential or otherwise to assert confidentiality with respect to any document, material, or information. Any information, document or material subsequently designated as Confidential shall be treated as if it had been so designated when

first produced or made available and shall be subject to the terms of this Stipulated Protective Order from such date. If a party produces multiple copies of information, documents, or materials, one identical or substantially similar copy of which has been designated as Confidential, all copies shall be treated as so designated. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential shall constitute a waiver of the right to assert confidentiality in any other litigation or other context.

9. If any party intends to file or use at trial any materials designated as Confidential, that party shall take steps reasonably necessary to protect their confidentiality during such filing or usage.

10. This Stipulated Protective Order and the handling of Confidential materials may be the subject of further orders of the Court and nothing herein shall preclude any party from applying to the Court for a modification of this Stipulated Protective Order or for the reclassification of any materials produced in this litigation.

11. The obligations of this Stipulated Protective Order are continuing and shall not terminate at the conclusion of this litigation. Upon settlement or final determination of this litigation, Confidential materials belonging to the Defendant and all available copies, summaries, compilations, abstracts or any other document

or material setting forth the contents of any such materials that were produced to White and/or her counsel must either be (a) returned to the producing Defendant, or (b) maintained by her counsel in a secure location. Upon settlement or final determination of this litigation, White's Confidential materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any such materials that were produced to the Defendant and/or its counsel must either be (a) returned to White, or (b) maintained by Defendant's counsel in a secure location.

12. Nothing in this Stipulated Protective Order precludes a party from using any document or item it has designated as Confidential as such party sees fit.

s/ _____  
Lori K. Serratelli, Esquire  
Serratelli, Schiffman & Brown, PC  
280 Linglestown Road.  
Suite 201  
Harrisburg, PA 17110  
(717) 540-9170  
lserratelli@ssbc-law.com  

Attorney for Plaintiff

s/ _____  
James M. Horne, Esquire  
McQuaide Blasko  
811 University Drive  
State College, PA 16801  
(814) 238-4926  
jmhorne@mqblaw.com  

Attorney for Defendant

Dated this _17_ day of April 2013.

ENTERED BY THE COURT:

April 23, 2013

_Martin C. Carlson_
JUDGE PRESIDING

## EXHIBIT A

## AGREEMENT TO BE BOUND BY A PROTECTIVE ORDER

The undersigned hereby acknowledges and declares that he or she has received a copy of the Stipulated Protective Order in <u>White v. Pennsylvania State University</u>, Civil Action No. 4:13-CV-270, United States District Court for the Middle District of Pennsylvania, that he or she has read such Stipulated Protective Order regarding confidential discovery materials, agrees to be bound by all of the terms thereof, and further agrees that the United States District Court for the Middle District of Pennsylvania may exercise jurisdiction over him/her to enforce such Stipulated Protective Order, as necessary.

Dated: _____      _____
                            PRINTED NAME


                            _____
                            SIGNATURE